IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| STACEY EMEIGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PRIME SOURCE CAPITAL | ) |
| MANAGEMENT LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, STACEY EMEIGH, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, PRIME SOURCE CAPITAL MANAGEMENT LLC, Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. STACEY EMEIGH, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Croswell, County of Sanilac, State of Michigan.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to HSBC.

1

6. The debt that Plaintiff allegedly owed HSBC was for a credit card that was used primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. PRIME SOURCE CAPITAL MANAGEMENT LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant is a limited liability company registered in the State of New York.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   ALLEGATIONS

14. In or around March 2010, Defendant initiated multiple telephone calls to Plaintiff in an attempt to collect a debt allegedly owed by Plaintiff to HSBC.

15. In or around March 2010, during the course of the aforementioned telephone calls, Plaintiff engaged in a telephone conversation with Mr. David Hadley, Defendant's duly authorized representative. Defendant told Plaintiff he was senior mediator calling from Defendant's pre-litigation department.

16. The aforementioned statements and the fact that at no time during the course of the aforementioned telephone call did Mr. Hadley state that he was debt collector, had the effect of conveying to an unsophisticated consumer that Mr. Hadley was an attorney.

17. Upon information and belief, Mr. Hadley is not an attorney.

18. Mr. Hadley's statements were false, misleading and/or deceptive given that upon and information and belief Mr. Hadley is not an attorney.

19. Despite having multiple contacts with Plaintiff and despite being fully cognizant of Plaintiff's location, in or around March 2010 through April 2010 Defendant proceeded to contact Plaintiff's parents on multiple occasions.

20. During the course of aforementioned telephone conversations between Defendant and Plaintiff's parents, Defendant was specifically advised that Plaintiff's parents did not have location information for Plaintiff.

21. Despite having no reasonable belief that location information provided by Plaintiff's parents was incomplete or erroneous or that Plaintiff's parents had more complete information as to Plaintiff's location, Defendant continued to contact Plaintiff's parents.

22. On or about April 9, 2010, despite having multiple contacts with Plaintiff and despite being fully cognizant of Plaintiff's location, Defendant initiated a telephone call to Plaintiff's parents and left a voice mail message for Plaintiff's parents.

3

23. Plaintiff's parents have provided Plaintiff with a copy of the aforesaid voice mail message and Plaintiff has listened to the aforesaid voice mail message.

24. Plaintiff's parent's outgoing voicemail message specifically identified Plaintiff's parents as the owner of the telephone such that Defendant was cognizant before leaving a message that the telephone number did not belong to Plaintiff.

25. Plaintiff did not consent to Defendant contacting third parties.

26. During the course of the aforementioned voice mail message left by Defendant on Plaintiff's parent's telephone, Defendant's representative did not state that he was calling to confirm or correct location information.

27. During the course of the aforementioned voice mail message, Defendant's representative disclosed the name of Defendant despite not being expressly requested to do so.

28. During the course of the aforementioned voice mail message, Defendant disclosed that it was trying to contact Plaintiff regarding a judgment that was pending against her in the Sanilac County Court.

29. During the course of the aforementioned voice mail message, Defendant's representative stated it was retained to handle the case filed against Plaintiff and that Plaintiff should retain representation.

30. The aforementioned statements, had the effect of conveying to an unsophisticated consumer that a lawsuit was pending against Plaintiff in the Sanilac County Court.

31. The aforementioned statements, had the effect of conveying to an unsophisticated consumer that a judgment had been entered against Plaintiff in the Sanilac County Court.

32. To date, no lawsuit has been filed against Plaintiff in the Sanilac County Court in relation to the debt on which Defendant was collecting.

33. The aforementioned statements, combined with the fact that at no time during the aforementioned voice mail message did Defendant state that he was not an attorney, had the effect of conveying to an unsophisticated consumer that the individual that had left the voice mail message from Defendant was an attorney.

34. Upon information and belief, the individual that made the statements from Defendant, as delineated above, is not an attorney.

35. Defendant's aforementioned statements which had the effect of conveying to an unsophisticated consumer that the individual calling from Defendant was an attorney were false, misleading and/or deceptive given that upon and information and belief the aforesaid individual is not an attorney.

36. Defendant's aforementioned statements that a case and judgment were pending against Plaintiff were false, deceptive and/or misleading, given that at the time the aforementioned statements were made no lawsuit or judgment was pending against Plaintiff.

37. Defendant's aforementioned statements that a case and judgment were pending against Plaintiff falsely represented the character and legal status of the debt that Plaintiff allegedly owed.

38. On or about April 26, 2010, Mr. Hadley, initiated another telephone call to Plaintiff and left a voice mail message for Plaintiff.

39. During the aforementioned voice mail message left for Plaintiff, Defendant stated that Plaintiff had failed to contact Defendant regarding her "pre-legal" matter and that if Plaintiff did not contact Defendant then it would take further action against her.

5

40. Defendant's aforementioned statements were false, deceptive and/or misleading and in direct contradiction to the representations made by Defendant, on April 9, 2010, that a lawsuit and judgment were pending against Plaintiff.

41. In its attempts to collect the debt allegedly owed by Plaintiff to HSBC, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

   b. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

   c. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that the earlier response from said person as to the consumer's location was erroneous or incomplete in violation of 15 U.S.C. §1692b(3);

   d. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

   e. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   f. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   g. Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);

   h. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   i. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

  j. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

42. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

43. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, STACEY EMEIGH, by and through her attorneys, respectfully prays for judgment as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

           Respectfully submitted,
           **STACEY EMEIGH**


        By: s/ David M. Marco
           Attorney for Plaintiff

Dated: May 21, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us